UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

NACE EUGENE HOUCHIN, JR., #1554147,

        Petitioner,

v.                               Civil Action No. 2:25-cv-422

CHADWICK DOTSON,
Director of the Virginia
Department of Corrections,

        Respondent,

## REPORT AND RECOMMENDATION

Pro se Petitioner Nace Eugene Houchin, Jr., ("Petitioner" or "Houchin") filed a Petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pet. (ECF No. 1).[1] As this court has previously acknowledged, Houchin's Petition is difficult to understand, (ECF No. 16), but it appears he alleges that (1) the Circuit County Court for the City of Williamsburg and James City County violated his First Amendment rights; (2) the trial court's subpoenas amount to illegitimate acts on behalf of a foreign sovereign; and (3) the Virginia Department of Corrections violated his First Amendment rights by forcing inmates in Nottoway Correctional Center to participate in mandatory interfaith re-entry programs. Pet. (ECF No. 1, at 10-16, 31-36, 46-51, 61-66). Respondent Chadwick Dotson ("Respondent") filed a Motion to Dismiss and Rule 5 Answer, (ECF No. 18) and the court provided Petitioner the notice to pro se plaintiffs that Roseboro v. Garrison, 528 F. 2d 309 (4th Cir. 1975), requires, (ECF No. 22). Houchin filed a response, (ECF No. 23), but it fails to address any of Respondent's arguments. As explained below, to the extent Houchin seeks

---

[1] This case was referred to me for a recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of this court.

1

habeas relief under 28 U.S.C. § 2254, his Petition is untimely, and his claims are procedurally defaulted. I therefore recommend that the Respondent's Motion to Dismiss, (ECF No. 18), be GRANTED and the Petition, (ECF No. 1), be DENIED and DISMISSED with prejudice.

## I.   FACTUAL AND PROCEDURAL HISTORY

On February 24, 2015, Houchin pled guilty to first-degree murder in the Circuit Court of the City of Williamsburg and County of James City ("Circuit Court"). Resp't's Br. Supp. Mot. Dismiss & Rule 5 Answer ("Resp't's Br.") Ex. 3 & 4 (ECF Nos. 21-3, 21-4). He was indicted for first-degree murder, conspiracy to commit murder, and capital murder. Resp't's Br. Ex. 2 (ECF No. 21-2). On January 26, 2016, Houchin was sentenced to a term of life in prison, with all but 40 years suspended. Resp't's Br. Ex. 1 (ECF No. 21-1, at 1-2).

On July 7, 2022, Houchin filed a motion to vacate an allegedly void judgment in the trial court. Mot. to Vacate, Houchin v. Commonwealth, No. 14023263-00 (Va. Cir. Ct. July 7, 2022) (ECF No. 21-6, at 1-4). On July 18, 2022, the trial court denied the motion. Houchin v. Commonwealth, No. 14023263-00 (Va. Cir. Ct. July 18, 2022) (ECF No. 21-8). On January 16, 2025, Houchin filed a pro se state petition for a writ of habeas corpus in the Supreme Court of Virginia. State Habeas Pet., Houchin v. Dotson, No. 250047 (Va. Jan. 16, 2025) (ECF No. 21-9, at 313-17). In that petition, Houchin asserted that the Circuit Court "enforc[es] [the] King James Charter Verbatim [and] King James Version Bible with Blackstone" and therefore "enforce[s] a foreign gov[ernment] [r]oyal [r]eligious . . . common law," violating the "Treaty with Tripoli," the Declaration of Independence, and the First Amendment of the United States Constitution. Id. at 316-17. In addition to his petition, Houchin filed a motion to introduce documents, affidavit, and exhibits onto official state records, with his exhibits attached. Id. at 11-312. On March 13, 2025, the Supreme Court of Virginia dismissed Houchin's petition as untimely since it "was not filed

within two years from the January 2016, final judgment in the trial court, as recited in the petition." Houchin v. Dotson, No. 250047 (Va. Mar. 13, 2025) (ECF No. 21-10). The court also denied Houchin's motion to introduce documents, affidavits, and exhibits onto state records. Id.

On July 11, 2025, Houchin filed this federal habeas petition under 28 U.S.C. § 2254. Pet. (ECF No. 1). Houchin made allegations similar to those made in his state habeas petition, asserting that: (1) the Circuit Court violated his First Amendment rights; (2) the trial court's subpoenas amount to illegitimate acts on behalf of a foreign sovereign; and (3) the Virginia Department of Corrections also violated his First Amendment rights by forcing inmates in the Nottoway Correctional Center to participate in mandatory interfaith re-entry programs. Id. at 10-16, 31-36, 46-51, 61-66.

Respondent filed a Rule 5 Answer and moved to dismiss the Petition, arguing that Houchin filed too late, that Houchin's claims are both exhausted and procedurally defaulted, and he fails to establish plausible claims for federal habeas relief. See Resp't's Br. (ECF No. 21, at 4-14). In particular, Respondent asserts that the federal statute of limitations for Houchin's habeas petition expired on February 29, 2017, which means Houchin filed both his motion to vacate and his state habeas petition more than five years after the deadline to file his federal habeas petition expired. Id. ¶¶ 14, 17 (ECF No. 21, at 8-9). Furthermore, Respondent argues that Houchin has alleged no grounds for statutory or equitable tolling, nor any claim of actual innocence. Id. ¶¶ 12, 14, 17 (ECF No. 21, at 7-9). On November 24, 2025, Houchin filed a response, reiterating similar claims to his petition and failing to address Respondent's arguments or raise any additional grounds for relief. See Pet'r's Resp. Resp't's Br. (ECF No. 23).

## II.   ANALYSIS

Habeas petitions filed pursuant to 28 U.S.C. § 2254 challenge a state's custody over a petitioner on the grounds that such custody violates "the Constitution or laws or treaties of the United States."

3

28 U.S.C. § 2254(a). Here, Houchin appears to be invoking his First Amendment rights to freedom of religion. However, to the extent these First Amendment claims relate to his underlying conviction or custody, Houchin is time-barred from raising them in federal court, and he offers no valid reason to excuse his untimely filing. This Report thus Recommends the court GRANT Respondent's Motion to Dismiss (ECF No. 18), and DISMISS Houchin's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, (ECF No. 1), with prejudice.

**A. Houchin's Petition is Time-Barred Under the One-Year Federal Statute of Limitations.**

Houchin's federal habeas petition is time-bared by the one-year statute of limitations. Under 28 U.S.C. § 2244(d)(1), a prisoner seeking federal habeas corpus relief from a state court conviction is subject to a one-year statute of limitations, which runs from the latest of the date on which: (A) the judgement becomes final by the conclusion of direct review or the expiration of time for seeking such review; (B) any state-created barrier to filing a petition is removed; (C) the United States Supreme Court newly recognizes the right asserted; or (D) the factual predicate of the claim could have been discovered through the existence of due diligence. Id. § 2244(d)(1)(A)-(D). The one-year limitation is tolled for "[t]he time during which a properly riled application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Id. § 2244(d)(2).

For the purposes of federal habeas review, Houchin's criminal conviction became final on Monday, February 29, 2016, 30 days after the entry of the final sentencing order, when his time for filing a notice of appeal in the trial court expired. Resp't's Br. ¶ 14 (ECF No. 21, at 8). Houchin argues that the "statute of limitations does not apply" because it is based on the "Christian Doctrine Gregorian Year" and because habeas corpus is "not suppose[d] to have [a] deadline" under the United States Constitution. Pet. (ECF No. 1, at 19, 39, 54, 69). Houchins assertions are wrong.

4

Thus, Houchin's federal limitation period for a challenge to his underlying conviction expired one year later on March 1, 2017—more than five years before he filed this present Petition.

**B.    Houchin Presented Insufficient Evidence to Warrant Equitable or Statutory Tolling.**

Houchin's Petition—filed on July 11, 2025—is untimely under 28 U.S.C. § 2244(d)(1)(A). In rare circumstances, an untimely filed habeas petition may be subject to equitable tolling if the petitioner can establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" that prevented a timely filing. Holland v. Florida, 560 U.S. 631, 634 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The Fourth Circuit limits equitable tolling to those "rare instances where—due to circumstance external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Whiteside v. United States, 775 F 3d 180, 184 (4th Cir. 2014) (quoting Rouse v. Lee, 339 F.2d 238, 246 (4th Cir. 2003)).

Equitable tolling is not warranted here because Houchin has not established sufficient grounds showing that either extraordinary circumstances prevented him from timely filing or that he exercised reasonable diligence in pursuing his rights. In his Petition, Houchin asserts that it was "hard to learn and understand [the] pal-face system" and there was "too much to learn." Pet. (ECF No. 1, at 19, 39, 54, 69). Houchin also asserts that at the Virginia Peninsula Regional Jail, he was "denied access to [the] Law Library" between 2013 and 2016. Id. at 2, 28, 43-44, 58. However, limited access to the law library and difficulty in securing court documents are typically insufficient to show extraordinary circumstances. Booker v. Clarke, No. 3:21-cv-212, 2022 WL 464554, at *3 (E.D. Va. Feb. 15, 2022) ("As an initial matter, routine aspects of prison life, such as 'restricted access to the law library . . . do not qualify as extraordinary circumstances.'" (quoting Allen v. Johnson, 602 F. Supp. 2d 724, 727-28 (E.D. Va. 2009))); Smith v. Warden, No. 3:21-cv-

5

355, 2021 U.S. Dist. LEXIS 207125, at *6 (E.D. Va. Oct 26, 2021) (citation omitted). Therefore, these conclusory allegations fail to allege specific facts, beyond general prison policy, showing how Houchin was prevented from timely filing his federal habeas petition. See Smith v. Dotson, No. 3:32-cv-64, 2025 WL 3462031 at *4 (E.D. Va. Dec. 2, 2025) (holding that petitioner failed to establish entitlement to equitable tolling based on limited access to library because he "failed to allege specific facts showing that a lack of access to the law library or to legal materials prevented him from timely filing his § 2254 petition.") (citing O'Neill v. Dir., Va. Dep't of Corr., No. 3:10-cv-157, 2011 WL 3489624 (E.D. Va. Aug. 9, 2011)).

Further, Houchin fails to show that he diligently pursued his rights. A showing of diligence requires that petitioner "allege with specificity the steps he took to diligently pursue his federal claims." Smith, 2021 U.S. Dist. LEXIS 207125, at *6 (quoting Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008)). Like with the extraordinary circumstances inquiry above, Houchin's Petition lacks specific facts detailing the steps he took to diligently pursue his rights. Thus, since Houchin did not file his Petition within the one-year period and has not established any circumstances which would entitle him to equitable tolling, his Petition is time-barred.

Petitioner is also not entitled to statutory tolling. To promote exhaustion of state remedies, federal habeas limitation period is tolled during "the time . . . a properly filed application for state post-conviction or other collateral relief . . . is pending." 28 U.S.C. § 2244(d)(2). Houchin filed a motion to vacate in the trial court on July 7, 2022. Mot. to Vacate, Houchin v. Commonwealth, No. 14023263-00 (Va. Cir. Ct. July 7, 2022) (ECF No. 21-6, at 1-4). The court denied the motion on July 18, 2022. Commonwealth v. Houchin, No. 14023263-00 (Va. Cir. Ct. July 18, 2022) (ECF No. 21-8). On January 16, 2025, Houchin filed a state habeas corpus petition in the Supreme Court of Virginia. State Habeas Pet., Houchin v. Dotson, No. 250047 (Va. Jan. 16, 2025) (ECF No. 21-

6

9, at 313-17). The court dismissed that petition as untimely under state law on March 13, 2025. Houchin v. Dotson, No. 250047 (Va. Mar. 13, 2025) (ECF No. 21-10); Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) (holding that a habeas petition rejected by a state court as untimely is not considered "properly filed" under § 2244(d)(2), and petitioner is therefore not entitled to statutory tolling). Moreover, Houchin's motion to vacate and the state habeas petition were both filed over five years after the federal habeas deadline expired. Therefore, Houchin's petition is not rendered timely by any statutory tolling.

## C. Houchin Presented No Evidence of Actual Innocence to Overcome the Time-Bar.

A petitioner may still overcome a time-bar by making "a convincing showing of actual innocence." McQuiggan v. Perkins, 569 U.S. 383, 386 (2013). However, the threshold requirement to prove actual innocence is high: A claim of actual innocence must be supported by new reliable evidence and "a petitioner must . . . demonstrate that the totality of the evidence would prevent any reasonable juror from finding him guilty beyond a reasonable doubt, such that his incarceration is a miscarriage of justice." Teleguz v. Pearson, 689 F.3d 322, 328-29 (4th Cir. 2012) (citing Schlup v. Delo, 513 U.S. 298, 327 (1995)). Additionally, "a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent." United States v. Pettiford, 612 F.3d 490, 494 (4th Cir. 2010) (quoting United States v. Mikalajunas, 186 F.3d 490, 494 (4th Cir. 1999)); see also Bousley v. United States, 523 U.S. 614, 623 (1998) ("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency.").

Houchin fails to make an actual innocence argument in any of his claims for relief. Nowhere in his Petition did he allege, or provide evidence establishing, actual innocence. Furthermore, his

7

claims of First Amendment violations, even if credible and directed toward his conviction, would amount to a challenge to the legal sufficiency of the conviction, rather than a claim of actual innocence. See Edwards v. Clarke, No. 1:22-cv-769, 2024 WL 921398, at *10 (E.D. Va. Mar. 4, 2024) ("Petitioner [must] prove that he is factually innocent of the offense of which he was convicted, not just that his conviction is legally deficient in some way." (citing Bousley, 523 U.S. at 623)). Therefore, Houchin has failed to provide new evidence and thus cannot meet the high standard required to show actual innocence. See Schlup, 513 U.S. at 324.[2]

## III.    RECOMMENDATION

Because Houchin's federal habeas petition is time-barred, and because he does not assert statutory tolling, equitable tolling, or actual innocence, the undersigned recommends that the Respondent's Motion to Dismiss (ECF No. 18), be GRANTED, and Houchin's Petition, (ECF No. 1), be DISMISSED with prejudice.

## IV.    REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.      Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, see 28 U.S.C. §

---

[2] Although Petitioner has not made a claim of ineffective assistance of counsel, the court notes that Martinez does not apply to claims barred under § 2224(d). In Martinez v. Ryan, 566 U.S. 1 (2012), the Supreme Court permitted federal review of certain procedurally barred claims of ineffectiveness of counsel. But the case related to claims procedurally defaulted due to a failure to exhaust. Id. at 5. As this court has repeatedly held—it has no application to claims barred by the federal statute of limitations. See, e.g., Byrd v. Clarke, No. 3:19-cv-434, 2020 WL 1531872, at *2 (E.D. Va. Mar. 31, 2020) (holding that Martinez does not apply to claims barred by § 2224(d)); Arthur v. Thomas, 739 F.3d 611, 630 (11th Cir. 2014) ("[T]he Martinez rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to [the] statute of limitations [in § 2224(d)] or the tolling of that period.").

636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2.      A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will results in a waiver of appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91(4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
February 20, 2026

9

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to:

**Nace Eugene Houchin Jr.**
1554147
VDOC Centralized Mail Distribution Center
3521 Woods Way
State Farm, VA 23160

and an electronic copy was provided to:

**Tanner Russo**
Assistant Attorney General
Office of the Attorney General
202 North Ninth Street
Richmond, VA 23219

Fernando Galindo, Clerk

/s/ J.L. Meyers
By _____
Deputy Clerk

February 20
_____, 2026